We'll now move to the third case on the calendar. That's Ruech v. Commissioner of Internal Revenue. Is it Ruech? Am I pronouncing that right? Ruech. Ruech. Thank you. I've been wondering about that for weeks. May it please the Court, my name is Frank Agostino. Mrs. Ruech appeals from an order of the United States Tax Court dismissing her collection due process action on the grounds of mootness and denying her motion to restrain the IRS's collection of the 5471 penalty based on Section 38. Our position is the case is not moot because the IRS is still pursuing collection of the penalty. Thus, we have a live case or controversy. It's a different penalty, right? Excuse me, yes. The initial hearing and the initial notice of determination deals with a $36, right? I mean, it's $36, I think? Yes. So it's an overpayment or rather an underpayment for 2010. And then while that's sort of still percolating, then she gets another notice about a penalty for a different problem, right? It's not a different problem. Why is it not a different problem? Because it's based on the same tax return. We all file tax returns. When you file a tax return, you've got multiple schedules that are attached to that tax return. And you have an audit of that tax return. Would you want to have a procedure where you can be audited for Schedule A, and then we're going to resolve that schedule, and then we're going to go to Schedule B, and then Schedule C? That's never been the procedure in tax cases. Except that here, the notice with respect to the penalty, she didn't even receive it until after the due process hearing with respect to the initial matter, correct? But it was always the subject of the audit. I mean, you may remember we were here before on the husband's case. I mean, on this case called Mellon was the husband's case on the enforcement of the information and document requests during the exam. The exam has always been about the income tax return that was filed by Mrs. Roosh, right? The 5471 is not, as the tax court decided, separate and distinct. And in our briefs we've explained, but I can go through it. One, the IRS on April 16, 2009, announced a campaign saying so many taxpayers were getting it wrong. Hey, the 5471 is attached to the 1040. We're going to audit them together. Why? Because the 5471 doesn't have a jurat or a separate requirement. It is filed with the income tax return. So the 5471, like your Schedule A, like every other facet of our getting longer and longer and more complicated tax returns, has to be filed together. The 5471, the due date, if you file an extension for your 1040, it also extends the due date for your 5471. Is there some authority that I'm not aware of that says the IRS gets sort of one shot at this, and if they don't do it, then they can't go back and find additional problems and errors? The Supreme Court of the United States, I mean, Commissioner versus Sunin, each year is the origin of a new liability and a separate cause of action. Res judicata is about bringing in one procedure all of the claims that could have been brought. And that permeates the code, as we've said in our brief. 7605.  Don't they essentially put the burden on the taxpayer to raise the relevant issues that are being challenged in the due process hearing? And if that's the case, I mean, you're suggesting a rule, in essence, that notwithstanding whatever claims the taxpayer has put at issue in the due process hearing, that the commissioner is obliged to basically review the entirety of the tax year, no matter how complicated that may be, no matter how many potential issues that may be. And if they don't, then the commissioner had that one shot and that's it. That's the system that Congress created. We have collection due process passed in 1998 created a very comprehensive, measured twice, cut once system for both the taxpayers and the Internal Revenue Service. A Section 6330 hearing starts with the verification claim. That imposes upon the appeals office the unilateral obligation to review the entire file for the year and determine whether or not the IRS has complied with all of the substantive and procedural due process rights of the taxpayer, including the Taxpayer Bill of Rights, the policy of one-stop shopping, 7605, as we've said in a brief, one examination. All right. In that, then you go to the next step is the de novo review of the liability. If the IRS has said that this is a liability, the taxpayer can say, hey, I want a de novo review of tax. And that includes penalty and interest. As this court said, in right, in right was a pro se taxpayer. I mean, the court said, hey, he asked for a de novo review. That includes a review of the interest. All right. And why is that important to the scheme that Congress created? Because the next part is the collection alternative. Unless you know what you owe, how can you propose how you're going to pay it off? And the collection alternative is the key to understanding this, because if you incur another liability after either the appeals office or the tax court has approved your collection alternative, you're in default. So between the part that says verification, the part that asks for de novo review of the liability, the collection alternative, and then the right to appeal to the tax court, collection due process is to create a comprehensive one-stop shopping, measure twice, cut once, a procedure that applies to tax controversies. They even define in terms of hardship, incurring additional legal fees. So we believe, as we've said in our briefs, that the IRS cannot bifurcate these procedures. If one tax return, one audit, one collection return, rest judicata under SUNIN applies to those determinations. So the next, if I, in the few seconds I have left. The 5471 is not separate and distinct because it's included on the tax return. It affects the statute of limitations for the return. It affects the liability that's on return. It affects the penalties that are on the return. The government's theory that, oh, it's assessed separately is a red herring. We're talking about tax liability for a year. That year was before the appeals office. That year was before the tax court. And the Supreme Court has recognized we all file our tax returns annually. That is the cause of action. That is the liability for the year. Thank you, Your Honor. Mr. Agostino, you're reserved three minutes. We'll now hear from Ms. Erickson. Good morning. May it please the Court, Marian Erickson for the Commissioner of Internal Revenue. Judge Sullivan, I think that you were on the right track. Once in a while, yeah. When you were asking opposing counsel about this, how this arose. And I just want to, I know, I'm sure you're all familiar with the facts. I just want to emphasize that this is a very narrow proceeding. A collection due process hearing is held in response to a proposed collection action by the IRS. In this case, the IRS had sent the taxpayer a notice of intent to levy to collect the remaining $326.66 of her income tax liability for 2010. She timely filed a request for a collection due process hearing to review whether or not this levy was an appropriate way of collecting $326.66 in income tax liability. By the time the appeals officer looked at the file and held the hearing, that liability had been satisfied. She no longer owed any income tax for 2010. Therefore, the appeals officer determined there would be no levy. Therefore, she won. Nonetheless, she filed a notice of appeal to the tax court. And in that notice of appeal, proceeded to raise a host of other issues that had not been raised in the CDP hearing, that had not been considered by the appeals officer, and that were not addressed in the notice of determination. The tax court correctly held that the case was moot and it had no jurisdiction to consider these other issues. And as you pointed out, the notice that this penalty had been assessed was not even sent to the taxpayer until several weeks after she filed her tax court petition. I believe you mentioned that, Judge Foreman. And in fact, that tax, that penalty was assessed in February. She had filed her tax court petition in January. And the notice of intent to levy to collect that penalty was not sent to her until April of that year. At that point, she had the right, and she in fact exercised the right, to request a separate collection due process hearing to contest the validity of this proposed collection action. And in fact, that collection due process hearing is ongoing, has not been finished. It's not been finalized. There's no schedule. Has there been a hearing? Well, hearing is a term of art in this sense, Your Honor. Sometimes collection due process hearings are held simply by correspondence or by telephone. Sometimes they're held face to face. It's my understanding, this is not in the record, but I did check on this last week. It's my understanding that Mr. Agostino has requested a face-to-face hearing and that the matter has been assigned to an appeals officer here in New York and that the process is ongoing. That's all I can tell you. Can she not raise the race judicata argument in that context, in that case proceeding? She could, but it's a separate issue. I mean — Well, I understand, but there are two separate issues before us. One is whether this case is moot, and the second is whether race judicata applies. It seems that we could conceivably hold that the case is moot, and the issue of race judicata is not for ours to decide, because that's an issue that she can and should raise. Sure. She absolutely could raise that. She could. I mean, I don't think it's a very strong argument, because I think that despite opposing counsel's characterization of the CDP hearing as a one-stop shopping, comprehensive sort of, you know, let's look at everything in the universe that has to do with this one tax year, that's not actually how it operates. It's very specific to the proposed collection action. And in fact, under the statute in the regs, the way this penalty operates under 6038B, yes, he's correct that you're supposed to file this Form 5471 with your income tax return. And this penalty is not a tax. It's a penalty for failure to file the form. And in fact, under the regulations, once a taxpayer files a tax return, the IRS looks at it and says, hey, we think you were supposed to file this form with your tax return, but you didn't, the service is required to give them 90 days' notice to file the form before they can even assess the penalty. So it's not only impractical, it's virtually impossible for these things to be on the same track in terms of consideration, assessment, and determination of what her total liability is. One is an income tax liability. That was the subject of the CDP hearing, and that was the only thing the tax court had jurisdiction to look at. And the other is a separate penalty for failure to file an informational form with the tax return. The statute provides that a taxpayer is entitled to, quote, only one hearing under this section with respect to the taxable period to which the unpaid tax specified relates. That's Section 33, 6330, excuse me. Doesn't your argument read out of that language, the with respect to the taxable period? Well, I believe we addressed this in our brief pages, let's see, 16 and 17, Your Honor. Our reading of that and the regulation that is underneath that statute makes it clear is that you get one CDP hearing with respect to each liability for that period. It doesn't say you can only have one for one tax year. It says per the tax assessed. But my question is, does that not read out of the statute, the phrase with respect to the taxable period? In other words, your reading seems to make sense if the statute read only one hearing under this section with respect to the unpaid tax specified. Well, that's the way we read the statute, yes. It says in the regulation, which is at page 22 of our brief, says the taxpayer may receive more than one CDP hearing with respect to a tax period where the tax involved is a different type of tax, for example, an employment tax liability where the original hearing was involving an income tax liability, where the same tax for the same tax period is involved but the amount of the unpaid tax is changed as a result of an additional assessment of tax for that period or an additional accuracy-related filing or a delinquency penalty has been assessed. It's not entitled to a separate CDP hearing if it's just an additional assessment of accruals of interest and penalties. Is the 5471 schedule in connection with income tax? Your Honor, it relates to an individual's interest in certain foreign corporations. Right. Why is the government interested in that? You're correct. It can affect their income tax liability for that period. That's why it's required to be filed with the income tax return. That's correct. But this is not an assertion of additional income tax. This is an assertion of a penalty for failure to file that form. So you're making a distinction under the statute between a penalty and an unpaid tax. Is that what you're doing? Correct. Does that answer your question, Judge Jacobs? Well, you were also saying there are other kinds of tax, and you would draw that distinction with respect to those taxes as well. I'm saying that it can be separate. Yeah. You can get more than one CDP hearing if there are separate assessments of separate types of tax, as it says in the regs, you know, a liability for income tax as opposed to some kind of an excise tax or something, but also if it's a penalty that was not included in the original assessment. Does the Court have any further questions? If not, I'll rest on our brief. Thank you very much. Okay. Thank you. Mr. Agostino, you have three minutes. So I think the record shows that the income tax liability in the 5471 was subject to the same audit. We wouldn't have known of the IRS's decision to assert the penalty unless the IRS had advised us of it. The tax court petition asking for the review of the zero liability was clear that we were asserting the penalty, even before the IRS officially recorded the assessment on its books and records, because they advised us that they were going to be asserting the penalty. So now it comes down to the statutory construction of what do we mean? Is it the narrow hearing that the government purports or the broader hearing that I'm saying the rules of statutory construction suggest should be there? So the IRS's position suggests that, hey, perhaps there's ambiguity here. So let's go to the rules of statutory construction. Rule one, right, plain language. The plain language rule is one hearing per period. What would you infer from the one hearing per period? Administrative res judicata. Company it keeps. Your client is the one who gets to demand the hearing, right? Yes. And so, in essence, she gets to pick the subject, and then you're turning around to say the IRS is precluded from assessing additional penalties or claims because she didn't raise them as an issue? No, we don't get a hearing until the IRS decides to send the notice of the penalty or the notice of the tax with a form that says write to a hearing. So you start with 7605. So a notice to levy, in your view, is, in essence, a representation that everything else is cool? Yes. Okay. Because 7605 starts with one examination per period, no second examination, right? In your reply brief, you say four or five different times that the commissioner intentionally or tactically delayed the notice with respect to the penalty. Number one, I don't think you make that argument in your opening brief, so why should we consider it? Number two, what evidence is there in the record that there was intentional or tactical conduct on the part of the commissioner? And number three, how does that matter with respect to the statutory scheme? I think it shows the potential abuse if we don't stick with the one hearing per period rule and administrative res judicata and the commissioner versus SUNIN version of res judicata. The commissioner decided when to start collecting the tax, right? Usually that decision has moment. It gives the taxpayer the right to say, hey, what's the full bill, right? We start with verification. IRS, did you follow all of your procedures? Are we done? The procedures are one hearing per period. The procedures are the right to finality in 7803, that you can rely on the fact that when the commissioner sends these notices, we're done, we're only proposing how to pay it now. The one-stop shopping, those are all verified procedures. That's part of the government's rules and regulations that the appeals officer has the unilateral obligation to do. Then the taxpayer has the right to ask for de novo review, and de novo review isn't just the word tax. I mean, as this court said, it's interest. It's the entire liability. I've said when you talk about tax, you talk about payment of everything. The tax, the penalty, the interest, and the plain language of the statute says, the challenge is to the existence of the amount of the liability for the period, not that it was left in the notice, because collection due process would make no sense, because if you didn't know what the entire liability was, then you would set yourself up for an immediate default of the collection alternative, whether the collection alternative under the statute is the installment agreement or the offer in compromise, which is what happened here, right? We have an agreement that there's no liability. Then after the hearing that there's no liability, they assess this penalty, and we're back in tax court again, because based on the collection liability, they certified her liability to the State Department to try to take away the passport. Now, there's been a voluntary cessation of hostilities in that case, right? We're on pause, because, you know, we've got to know what happens here. But they've continued to collect, which is contrary to the whole purpose of putting the money into, requesting the hearing, going to appeals, writing your briefs, preparing for the time, and that's what res judicata is about. We're saving the government time. Yes. I'm sorry. You're two and a half minutes over at this point, so you can wrap up. No, I wrap up. I think that what we're arguing is in the benefit of both taxpayers, the government, and the courts. Let's look at every matter once. Let's define the dispute, and let's get one adjudication of the liability. I believe my briefs show you why that that is the right answer for these taxpayers and the system as a whole. Thank you very much. Thank you. We'll reserve decision.